UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECHERI HAFER,<br><br>             Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY, *et al.*,<br><br>             Defendants. | Case No.  1:22-cv-00972-JLT-EPG<br><br>ORDER RE: MISCELLANEOUS RELIEF<br><br>(ECF Nos. 16 & 17). |

Plaintiff Decheri Hafer ("Plaintiff") proceeds *pro se* and *in forma pauperis* in this action against the Commissioner of Social Security, the Social Security Administration, and the United States. Before the Court are two ex parte motions filed by Plaintiff requesting various relief. (ECF Nos. 16 & 17). For the following reasons, the Court will deny both motions.

**I.    BACKGROUND**

Plaintiff initiated this action by filing a complaint on July 22, 2022. (ECF No. 1). Plaintiff's complaint states various claims against the Commissioner of Social Security, the Social Security Administration, and the United States. The case was transferred to this Court from the Central District of California on August 4, 2022. (ECF No. 6). Plaintiff's application to proceed *in forma pauperis* was granted on August 19, 2022. (ECF No. 9).

Because Plaintiff's complaint partly seeks review of an administration decision of the

1

Commissioner of Social Security denying Plaintiff's claim for disability benefits under the Social Security Act, the Court issued new social security case documents on August 19, 2022. (ECF No. 11). On that same day, the Court issued summons to the Commissioner of Social Security. (ECF No. 10). As in other cases where a Plaintiff challenges an administrative decision regarding disability benefits, the summons and complaint were served electronically on the Commissioner of Social Security via the Court's E-service program. (ECF No. 12).

On November 16, 2022, Plaintiff filed two ex parte motions requesting various relief. (ECF Nos. 16 & 17). In the first motion, Plaintiff moves the Court to vacate all judgments made by the assigned magistrate judge because consent to magistrate jurisdiction was not granted. (ECF No. 16 at 2). Additionally, Plaintiff requests the Court to issue summons to all Defendants and order the U.S. Marshals to serve Defendants. (Id. at 4-5). Plaintiff also requests the Court to waive all fees associated with service as Plaintiff proceeds *in forma pauperis*. (Id. at 5). Plaintiff states that because summons have not been issued, this case has not commenced and, thus, by not acting, the Court is depriving Plaintiff of their right to a speedy trial. (Id. at 1, 5, 7).[1]

Plaintiff's second ex parte motion requests similar relief regarding summons and service. (ECF No. 17). Plaintiff also requests an order granting Plaintiff permission to electronically file all documents in this case via Pacer. (Id. at 2). Finally, Plaintiff requests the Court to waive all electronic filing fees and numerous other court fees associated with litigating this case. (Id. at 4).

## II.   DISCUSSION

As an initial matter, Plaintiff's request for an order vacating all judgments made by the undersigned magistrate judge will be denied. Consent by the parties is not required for magistrate judge jurisdiction over pretrial, non-dispositive matters. *Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 917 (9th Cir. 2003) ("[T]he magistrate judge's jurisdiction over any pretrial non-dispositive matters, including magistrate [judge]-recommended dispositions, is not contingent on litigant consent, 28 U.S.C. § 636(b)(1), and Rule 72, not 73, codified the attendant procedures.") (citing Fed. R. Civ. P. 73). The Court has not issued a dispositive order or final judgment in this case. Thus, Plaintiff's request for an order vacating all magistrate judgments is denied.

---

[1] While Plaintiff's motion is titled "Ex Parte Motion for Speedy Trial by Judge," Plaintiff's briefing does not contain a clear request for court action regarding a trial date. However, to the extent that Plaintiff seeks a speedy trial, Plaintiff's motion is denied as the Speedy Trial Act does not apply to civil actions. *See e.g.* 18 U.S.C. § 3163.

The Court will also deny Plaintiff's request for the Court to immediately issue summons and order the U.S. Marshals to serve Defendants.[2] Because Plaintiff seeks monetary damages for claims asserted against federal defendants who might be immune from such relief, the Court is required to screen Plaintiff's complaint pursuant to §1915 (e)(2)(B). 28 U.S.C. § 1915 (e)(2)(B)(i)-(iii) (A court "shall dismiss the case at any time if the court determinates that. . .the action or appeal is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. §1915 (e)(2)(B) are not limited to prisoners.").

Accordingly, Plaintiff's complaint—to the extent that it seeks relief aside from review of an administrative decision by the Commissioner of Social Security regarding disability benefits—will be screened in due course and Plaintiff will be served with the resulting order. If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies in the complaint can be cured by amendment or the undersigned may issue Findings and Recommendations to the District Judge to dismiss that portion of the complaint. If the Court finds that Plaintiff's complaint may proceed against the Social Security Administration and the United States, the Court will direct the U.S. Marshals to serve the summons and complaint on those Defendants.[3]

Plaintiff's request for permission to use the CM/ECF system to file documents electronically in this case will also be denied. Under the Court's Local Rules, *pro se* parties are required to "file and serve paper documents" and "may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." Local Rule 133(b)(2). Any request for an exception to this rule must be submitted as a stipulation between the parties or a "written motion[] setting out an explanation of reasons for the exception. Points and authorities are not required, and no argument or hearing will normally be held." Local Rule 133(b)(3). It is within the Court's

---

[2] The Court denies Plaintiff's request for summons and service regarding Kern County Superior Court as that entity is not named as a defendant in this action. (*See* ECF No. 17, p. 1).

[3] Additionally, Plaintiff's request for a waiver of all U.S. Marshal fees is denied as moot as the Court previously granted Plaintiff's application to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("The court must order [that service be made by a United States marshal] if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915. . .").

3

discretion to grant or deny such a request. *Reddy v. Precyse Solutions LLC*, 2013 WL 2603413, at *3 (E.D. Cal. June 11, 2013). Plaintiff has not provided any justification to deviate from the rule that *pro se* parties must file documents conventionally and may not utilize electronic filing. As such, Plaintiff's request for an order allowing Plaintiff to utilize the CM/ECF system to file documents is denied.

Finally, Plaintiff's request for a waiver of all PACER fees and all court fees such as a photocopy fees, court reporter fees, transcript fees, and record fees will be denied. The *in forma pauperis* statute does not provide that a court may exempt a *pro se* litigant from fees associated with PACER. *See* 28 U.S.C. § 1915(a). Further, "*in forma pauperis* status alone does not support a request to waive PACER fees." *Katumbusi v. Gary*, 2014 WL 5698816, at *4 (E.D. Cal. Oct. 30, 2014). The current Electronic Public Access Fee Schedule allows for the following automatic fee exemptions:

> No fee is owed for electronic access to court data or audio files via PACER until an account holder accrues charges of more than $30.00 in a quarterly billing cycle.
>
> Parties in a case (including *pro se* litigants) and attorneys of record receive one free electronic copy, via the notice of electronic filing or notice of docket activity, of all documents filed electronically, if receipt is required by law or directed by the filer.
>
> No fee is charged for access to judicial opinions.
>
> No fee is charged for viewing case information or documents at courthouse public access terminals.

United States Courts, Fees for Public Access to Court Electronic Records (PACER), https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule (last accessed Nov. 29, 2022).

Plaintiff has not indicated why it would be burdensome to pay the service fees associated with use of PACER. Moreover, under the fee exemptions and as a *pro se* litigant, Plaintiff is entitled to one free electronic copy of all documents filed electronically in this case. Additionally, the *in forma pauperis* statute does not entitle a plaintiff to a waiver of costs, such as photocopying and transcript fees, required to litigate a claim. *See* 28 U.S.C. § 1915(a). For those reasons, Plaintiff's request for a waiver of all such fees is denied.

//

**III.     ORDER**

Based on the foregoing, IT IS ORDERED that Plaintiff's ex parte motions (ECF Nos. 16 & 17) be DENIED.

IT IS SO ORDERED.

Dated:   **November 30, 2022**           /s/ Eric P. Grojan
                                          UNITED STATES MAGISTRATE JUDGE

5