UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECHERI HAFER,<br><br>             Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY, *et al.*,<br><br>             Defendants. | Case No.  1:22-cv-00972-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT BE DENIED<br><br>(ECF Nos. 20 & 22).<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Plaintiff DeCheri Hafer ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this action against the Social Security Administration, Commissioner of Social Security, and United States. (*See* ECF No. 1). On November 28, 2022, Plaintiff filed a request for entry of default against the Social Security Administration and the United States. (ECF No. 20). On November 30, 2022, Plaintiff file an identical request.[1] (ECF No. 22). The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(19). For the following reasons, the Court recommends that Plaintiff's requests be denied.

//

---

[1] As the November 30, 2022 request (ECF No. 22) is identical to the request filed on November 28, 2022 (ECF No. 20), the Court will hereafter cite to the first request.

1

## I. BACKGROUND

Plaintiff initiated this action by filing a complaint on July 22, 2022. (ECF No. 1). Plaintiff's complaint states various claims against the Commissioner of Social Security, the Social Security Administration, and the United States.

Plaintiff's complaint partly seeks review of an administration decision of the Commissioner of Social Security denying Plaintiff's claim for disability benefits under the Social Security Act. (*See* ECF No. 1). For that reason, the Court issued new social security case documents on August 19, 2022. (ECF No. 11). On that same day, the Court issued summons to the Commissioner of Social Security. (ECF No. 10). As in other cases where a Plaintiff challenges an administrative decision regarding disability benefits, the summons and complaint were served electronically on the Commissioner of Social Security via the Court's E-service program. (ECF No. 12).

On November 8, 2022, the Commissioner of Social Security filed an ex parte request to extend the deadline to respond to Plaintiff's complaint. (ECF No. 14). The Court granted the request and ordered that the Commissioner file a response by December 19, 2022. (ECF No. 15).

Summons have not issued as to the Social Security Administration or the United States.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 55 provides, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before a default will be entered, the clerk must be satisfied from the request and accompanying documentation that: 1) the defendant has been served with the summons or has agreed to waive serve; 2) the time allowed by law for responding has expired; and 3) the defendant has failed to file a pleading or motion permitted by law. *U.S. ex rel. Felix Haro Const., Inc. v. St. Paul Fire and Marine Ins. Co.,* 2009 WL 1770156, at *3 (E.D. Cal. June 23, 2009) (citing *Hawaii Carpenters' Trust Funds v. Stone,* 794 F.2d 508, 512 (9th Cir. 1986)); *see also Chambers v. Knight,* 2019 WL 1923936, at *2 (S.D. Cal. Apr. 30, 2019) ("A default may not enter against a defendant unless the plaintiff has properly served the defendant.").

Federal Rule of Civil Procedure 4 governs service of summons. Rule 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(b). However, in cases where the plaintiff proceeds *in forma pauperis*, "the officers of the court shall issue and serve all process, and perform all duties in [IFP] cases." 28 U.S.C. § 1915(d). Thus, Rule 4 provides that "[t]he court must order [that service be made by a United States marshal] if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915[.]" Fed. R. Civ. P. 4(c)(3).

In cases where the plaintiff proceeds *in forma pauperis*, the Court is required to screen the complaint pursuant to §1915 (e)(2)(B). 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (A court "shall dismiss the case at any time if the court determinates that. . .the action or appeal is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. §1915(e)(2)(B) are not limited to prisoners."). If a court finds that the complaint may proceed, the court will direct the U.S. Marshals to serve the summons and complaint on the defendants named in the complaint as required by Rule 4(c)(3).

### III. DISCUSSION

Because Plaintiff proceeds *in forma pauperis*, the Court is required to issue and effectuate all process in this case. However, the Court is also required to screen Plaintiff's complaint pursuant to § 1915(e)(2)(B). The Court has not yet screened Plaintiff's complaint to the extent that Plaintiff seeks relief other than review of an administrative decision by the Commissioner of Social Security regarding disability benefits. As such, the Court has not yet issued summons or directed service to the Social Security Administration or the United States. Accordingly, the Court finds that entry of default against the Social Security Administration or the United States is premature, and the Court will recommend that Plaintiff's request for entry of default be denied.

//
//
//
//

### IV. CONCLUSION AND RECOMMENDATION

In light of the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's requests for entry of default against the Social Security Administration and the United States (ECF Nos. 20 & 22) be denied.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 1, 2022**          /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE

4