1

2

3

4

5

6

7 UNITED STATES DISTRICT COURT

8 EASTERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| 10 | |
| DECHERI HAFER, | Case No.  1:22-cv-00972-JLT-EPG |
| 11 | |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THE |
| 12 | COMMISSIONER OF SOCIAL SECURITY'S |
| v. | MOTION TO DISMISS BE GRANTED; AND |
| 13 | THAT PLAINTIFF'S CLAIMS AGAINST |
| COMMISSIONER OF SOCIAL | THE UNITED STATES AND THE SOCIAL |
| 14 SECURITY, *et al.*, | SECURITY ADMINISTRATION BE |
| | DISMISSED |
| 15 | |
| Defendants. | (ECF No. 1, 25). |
| 16 | |
| | OBJECTIONS, IF ANY, DUE WITHIN |
| 17 | FOURTEEN (14) DAYS |
| 18 | |

19        Plaintiff De Cheri Hafer, proceeding *pro se* and *in forma pauperis*, filed this action on

20 July 22, 2022, alleging various claims related to the denial of Plaintiff's social security benefits.

21 Before the Court is the Commissioner of Social Security's[1] motion to dismiss under Federal Rule

22 of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Federal Rule of Civil

23

24 ───────────────
[1] As the Commissioner's motion states, "Plaintiff purports to name defendants besides the Acting Commissioner of
25 Social Security, including the United States and the Social Security Administration (Doc. No. 1 at p. 2), the Acting
Commissioner is the only proper defendant in actions for review of benefits decisions. 42 U.S.C. § 405(g)." (ECF
26 No. 25, p. 2 n1). Accordingly, "[t]he Commissioner brings this Motion to Dismiss as to all defendant's named in the
complaint." (*Id.*). To the extent Plaintiff's complaint asserts claims against the Social Security Administration (the
27 "SSA") and United States regarding her claim for benefits, the Court agrees that the Commissioner (or Acting
Commissioner) is the only proper defendant. *See* 20 C.F.R. § 422.210(d); *see infra* p. 13. However, pursuant to the
28 Court's prior order (*see* ECF No. 24), the Court will screen Plaintiff's complaint with respect to Plaintiff's claims
against the United States and the Social Security Administration in accordance with §1915(e)(2)(B).

Procedure 12(b)(c) for failure to state claim. (ECF No. 25). For the reasons stated below, the Court will recommend that the Commissioner's motion be granted, and that Plaintiff's claims against the Commissioner be dismissed for lack of subject matter jurisdiction

The Court has also screened the remainder of Plaintiff's claims based in tort and violations of federal law against the Social Security Administration and the United States. The Court finds that Plaintiff's complaint fails to state any cognizable claim against the United States or the Social Security Administration. For the reasons stated below, the Court will recommend that Plaintiff's claims against the United States and the Social Security Administration be dismissed without leave to amend.

I.      **BACKGROUND**

Plaintiff initiated this action by filing a complaint on July 22, 2022, alleging various claims against the SSA and the United States related to the denial of Plaintiff's social security and disability benefits. (ECF No. 1). On August 19, 2022, the Court entered an order granting Plaintiff's motion to proceed *in forma pauperis*. (ECF No. 9). Because Plaintiff's complaint partly seeks review of an administrative decision of the Commissioner of Social Security regarding Plaintiff's claim for social security and disability benefits, the Court issued a summons to the Commissioner. (ECF No. 10). As in other cases where a Plaintiff challenges an administrative decision regarding social security and/or disability benefits, the summons and complaint were served electronically on the Commissioner via the Court's E-service program. (ECF No. 12).

On November 8, 2022, the Commissioner filed an ex parte request to extend the deadline to respond to Plaintiff's complaint. (ECF No. 14). The Court granted the request and ordered that the Commissioner file a response by December 19, 2022. (ECF No. 15).

Plaintiff thereafter requested entry default against the United States and the SSA. (ECF Nos. 20 & 22). The undersigned issued findings and recommendations recommending that Plaintiff's requests be denied, explaining that:

> Because Plaintiff proceeds *in forma pauperis*, the Court is required to issue and effectuate all process in this case. However, the Court is also required to screen Plaintiff's complaint pursuant to § 1915(e)(2)(B). The Court has not yet screened Plaintiff's complaint to the extent that Plaintiff seeks relief other than review of an administrative decision by the Commissioner of Social Security regarding

disability benefits. As such, the Court has not yet issued summons or directed service to the Social Security Administration or the United States. Accordingly, the Court finds that entry of default against the Social Security Administration or the United States is premature, and the Court will recommend that Plaintiff's request for entry of default be denied.

(ECF No. 24, p. 3). On January 9, 2023, District Judge Jennifer L. Thurston entered an order adopting the findings and recommendations. (ECF No. 28).

On December 12, 2022, the Commissioner of Social Security filed a motion to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the grounds that Plaintiff's complaint fails to assert subject matter jurisdiction and fails to state a claim. (ECF No. 25). On January 9, 2023, Plaintiff filed a brief opposing the Commissioner's motion. (ECF No. 29). The matter was taken under submission without a hearing. (*See* ECF No. 11, p. 3).

## II.      SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff's complaint alleges claims against the United States and the SSA. Plaintiff's complaint asserts two potential grounds for subject matter jurisdiction: 28 U.S.C. § 1346 and the Due Process Clause of the Fourteenth Amendment. (ECF No. 1, p. 3).

Plaintiff's complaint alleges the following:

Plaintiff was denied her rights to social security benefits and disability benefits. Between September 1, 2019, and October 1, 2020, Plaintiff received $200.00 per month in social security benefits. During that period, Plaintiff also received $837.00 per month in social security disability benefits. Plaintiff alleges that she demanded an in-person hearing at the SSA office. Plaintiff claims that she was entitled to a trial before a decision was reached regarding Plaintiff's benefits pursuant to the Due Process Clause of the Fourteenth Amendment. (*Id.* at 6).

Plaintiff's first cause of action asserts that defendants violated Plaintiff's right to due process because defendants failed to provide Plaintiff with notice of a hearing prior to reducing Plaintiff's benefits. (*Id.* at 12).

Plaintiff's second cause of action asserts that defendants violated Plaintiff's right to due process by denying Plaintiff the right to object at a trial regarding the reduction of Plaintiff's benefits. (*Id.* at 13).

Plaintiff's third cause of action asserts that she is now homeless and unable to pay rent

because defendants reduced Plaintiff's benefits in violation of her rights. For that reason, Plaintiff seeks $200,000.00 per day until Plaintiff's benefits are restored and paid back in full. (*Id.* at 14).

Plaintiff's fifth[2] cause of action asserts that defendants have deprived her of the right to enter the public SSA office since December 1, 2020, in violation of 42 U.S.C. § 2000A. Further, Plaintiff alleges that the SSA is discriminating against Plaintiff because she is African American, and Plaintiff does not receive the same benefits as individuals who receive their full social security benefit each month. (*Id.* at 15).

Plaintiff's sixth cause of action seeks to hold defendants liable for malice because defendants maliciously, knowingly, willfully, and intentionally violated Plaintiff's rights and deprived Plaintiff of the full amount of her benefits. (*Id.* at 16).

## III.    MOTION TO DISMISS

### A.    The Commissioner's Motion to Dismiss

On December 12, 2022, the Commissioner filed a motion to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim. (ECF No. 25).

The Commissioner's motion provides the following factual summary, which is supported by declarations and supporting exhibits obtained from agency personnel:

*Title II Claim*

Plaintiff applied for disability benefits under Title II of the Social Security Act (Declaration of Christianne Voegele ["Voegele Decl.], ¶ 3(a)). The agency denied Plaintiff's applications at the initial and reconsideration levels (Voegele Decl., ¶ 3(a); Exs. 1-2). Plaintiff then filed a request for a hearing before an ALJ (Voegele Decl., ¶ 3(b); Ex. 3), and submitted an objection to appearing by video teleconference (Voegele Decl., ¶ 3(b); Ex. 4). On February 5, 2015, a hearing was scheduled for April 22, 2015 (Voegele Decl., ¶ 3(b); Ex. 5).

The notice of hearing was returned as undelivered on February 11, 2015 (Voegele Decl., ¶ 3(b); Ex. 6). Two more notices of hearing were issued in April 2015 (Voegele Decl., ¶ 3(b); Exs. 7-8). Plaintiff did not appear at the April 22, 2015 hearing (Voegele Decl., ¶ 3(b)). Accordingly, an ALJ issued a notice of dismissal (Voegele Decl., ¶ 3(b); Ex. 9). Plaintiff did not request Appeals Council review, nor did the Appeals Council take action to review the dismissal on its own (Voegele Decl., ¶ 3(c)).

*Title XVI Claim*

---

[2] Plaintiff's complaint does not list a fourth cause of action.

1
2
3
4
5
6
7
8
9

> Plaintiff applied for and was found disabled for purposes of Title XVI disability benefits in October 2003 (Declaration of Joseph Pollock ["Pollock Decl.], ¶ 4). The agency determined that Plaintiff was not entitled to Title XVI benefits during a period of incarceration during 2020 (Pollock Decl., ¶ 5-6). Upon her release from incarceration, Plaintiff was put back into pay status. After Plaintiff's release, she did not receive an Optional State Supplement (OSS) for claimants who do not have access to cooking and food storage facilities (Pollock Decl., ¶ 6-7). Plaintiff did not receive this OSS because claimants are required to verify their living situation (Pollock Decl., ¶ 7). Plaintiff requested review of the amount of her SSI benefits (Pollock Decl., ¶ 8). The agency denied Plaintiff's request on August 4, 2021 (Pollock Decl., ¶ 8). Since the August 2021 denial, the agency has made repeated efforts to reach Plaintiff regarding her living situation to ensure that her OSS is correctly calculated, but the agency has been unable to contact her (Pollock Decl., ¶ 9). Plaintiff has not sought review from an ALJ or the Appeal Council related to her Title XVI benefits (Pollock Decl., ¶ 10).

10

(*Id.* p. 2-3).

11
12
13
14
15
16

The Commissioner argues that the Court lacks subject matter jurisdiction to review Plaintiff's claims regarding her Title II and Title XVI benefits because neither claim received a final decision from the Commissioner after a hearing and, thus, Plaintiff failed to exhaust her administrative remedies prior to seeking judicial review. (*Id.* at 5). Moreover, the Commissioner argues that Plaintiff's claims regarding various violations of her due process rights are conclusory and fail to state any facts alleging a due process violation. (*Id.* at 6).

17

B.    Plaintiff's Opposition

18
19
20

On January 9, 2023, Plaintiff filed a brief generally opposing the Commissioner's motion to dismiss as untimely.[3] (ECF No. 29, p. 4). According to Plaintiff, the deadline for a responsive pleading by the Commissioner was October 20, 2022. (*Id.*) For that reason, Plaintiff argues that the Court is without jurisdiction to hear the Commissioner's motion to dismiss. (*Id.* at 9).

21

IV.   LEGAL STANDARDS

22

A.    Federal Rule of Civil Procedure 12(b)(1)

23
24
25
26

"Dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d

27
28

---

[3] Plaintiff's brief lodges numerous objections to the Court's prior orders regarding Plaintiff's request for entry of default. (*See e.g.*, ECF No. 29). Plaintiff also objects to several administrative actions performed by the Clerk of Court and adjudication of this case by Judge Thurston. (*Id.*)

981, 984-85 (9th Cir. 2008). A defendant may challenge subject matter jurisdiction by either a facial or a factual attack. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.' *Id.* (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). "A 'factual' attack, by contrast, contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.* (internal citations omitted).

"When the defendant raises a factual attack, the plaintiff must support her jurisdictional allegations with 'competent proof,' under the same evidentiary standard that governs in the summary judgment context." *Leite*, 749 F.3d at 1121 (internal citations omitted). "The plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." *Id.* "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039.

However, a "[j]urisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwines that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of an action." *Id.* at 1039 (quoting *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 139 (9th Cir. 1983)); *see also Leite*, 749 F.3d at 1121-22, 1222 n.3 (the court may resolve disputed factual issues regarding the existence of jurisdiction unless those factual disputes are "intertwined with an element of the merits of the plaintiff's claim."). In those cases, the motion to dismiss for lack of subject matter jurisdiction must be converted to a motion for summary judgment. *See Safe Air for Everyone*, 372 F.3d at 1040.

Here, the Commissioner has presented outside documents that clearly attack the factual basis for Plaintiff's allegation of subject matter jurisdiction, rather than the substantive merits of Plaintiff's claims that she was wrongfully denied benefits or otherwise discriminated against. For the purposes of the Commissioner's motion to dismiss on jurisdictional grounds, the Court has taken judicial notice of these documents and declarations. *See infra,* p. 8 n5. Moreover, Plaintiff has not alleged that she exhausted her administrative remedies, nor does she dispute the exhibits

1  offered by the Commissioner. Therefore, the Court is not required to convert the Commissioner's

2  motion to dismiss into a motion for summary judgment. *See Anderson v. Astrue*, 2008 WL

3  4506606, at * 2 (E.D. Cal. Oct. 7, 2008) (exhaustion of administrative remedies or timeliness of

4  plaintiff's administrative request not "inextricably intertwined" with the merits of plaintiff's

5  complaint contesting her entitlement to benefits).

6        B.    <u>Federal Rule of Civil Procedure 12(b)(6)</u>

7        In considering a motion to dismiss, the Court must accept all allegations of material fact in

8  the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "[T]he court must construe

9  the complaint in the light most favorable to the plaintiff, taking all [of the plaintiff's] allegations

10  as true and drawing all reasonable inferences from the complaint in [the plaintiff's] favor." *Doe v.*

11  *United States*, 419 F.3d 1058, 1062 (9th Cir. 2005).

12        A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the

13  complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The first step in testing the

14  sufficiency of the complaint is to identify any conclusory allegations. *Id.* at 679. "Threadbare

15  recitals of the elements of a cause of action, supported by mere conclusory statements, do not

16  suffice." *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A]

17  plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels

18  and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

     *Twombly*, 550 U.S. at 555 (citations and quotation marks omitted).

19        After assuming the veracity of all well-pleaded factual allegations, the second step is for

20  the court to determine whether the complaint pleads "a claim to relief that is plausible on its

21  face." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). A claim is facially plausible

22  when the plaintiff "pleads factual content that allows the court to draw the reasonable inference

23  that the defendant is liable for the misconduct alleged." *Id.* The standard for plausibility is not

24  akin to a "probability requirement," but it requires "more than a sheer possibility that a defendant

25  has acted unlawfully." *Id.* Pleadings of *pro se* plaintiffs "must be held to less stringent standards

26  than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir.

27  2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

28  //

                                   7

1

**V.**   **DISCUSSION**

2

     A.    <u>Timeliness of Motion to Dismiss</u>

3

     As an initial matter, the Court will address Plaintiff's contention that the Commissioner's

4

motion to dismiss is untimely. (*See* ECF No. 29, p. 9). On August 19, 2022, the Commissioner

5

was electronically served with the summons and complaint. (ECF Nos. 10, 12). On that same day,

6

the Court issued the scheduling order. (ECF No. 11). The Court's scheduling order specifically

7

grants the Commissioner an additional 30 days to file its response. (*Id.* at 2 n1). The scheduling

8

order also provides that any "motion to dismiss shall be filed within 90 days of service of the

9

complaint." (*Id.* at 3). Further, "[a]ny other requests for modification of this briefing schedule

10

must be made by written stipulation or motion[.]" (*Id.*) At the time the Commissioner was served

11

with the summons and complaint, the deadline to file a response was November 20, 2022.

12

However, on November 8, 2022, the Court granted the Commissioner's motion to extend the

13

deadline for response until December 19, 2022. (ECF No. 15). The Commissioner filed its motion

14

to dismiss on December 12, 2022. (ECF No. 25). Therefore, the Commissioner's motion to

dismiss was timely filed.

15

     B.    <u>Judicial Notice of Administrative Proceedings</u>

16

     The Commissioner's motion includes as exhibits administrative letters sent from the

17

Social Security Agency to Plaintiff regarding administrative decisions and notifying Plaintiff how

18

and when to appeal. (*See* 25-1, p. 5-7; 25-2, p. 5-50). For the purposes of determining the factual

19

issue of whether the Court has jurisdiction over Plaintiff's challenge regarding her benefits claim,

20

the Court will take sua sponte judicial notice of the attached exhibits.

21

     Under Federal Rule of Evidence 201, a Court may take judicial notice of an adjudicative

22

fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial

23

court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose

24

accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court has the power to

25

grant judicial notice sua sponte. Fed. R. Evid. 201(c)(1). "[A] court may take judicial notice of

26

records and reports of administrative bodies." *Mack v. South Bay Beer Distrib., Inc.*, 798 F.2d

1279, 1282 (9th Cir. 1986) (internal quotation marks and citation omitted).

27

     Here, the Commissioner has attached copies of letters and records sent from the Social

28

Security Administration to Plaintiff. The Court finds that the accuracy of these documents, which were prepared by an administrative body, cannot reasonably be questioned. Further, the Court only takes judicial notice of the documents to the extent that they demonstrate an adjudicative fact, i.e., whether or not Plaintiff exhausted her remedies, and not for the truth of the matter asserted, i.e., whether or not Plaintiff was wrongfully denied benefits.

C.      Subject Matter Jurisdiction

The Commissioner moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction. Section 405(g) of the Social Security Act provides for limited judicial review of an administrative decision by the Commissioner of Social Security:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). The Court is thus limited to review after a final decision as the administrative level. *Califano v. Sanders*, 430 U.S. 99, 108 (1977) ("This provision clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'"). "A final decision has two elements: (1) presentment of the claim to the Commissioner, and (2) complete exhaustion of administrative remedies." *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993). Discretionary decisions based on regulations promulgated by the SSA, such as the denial of a claimant's petition to reopen a prior determination or the denial of an untimely hearing request, are generally not available for judicial review. *See Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013) ("Cases arising under the Social Security Act generally are not subject to review unless they challenge a 'final decision of the Secretary made after a [statutorily mandated hearing.'") (quoting *Califano*, 430 U.S. at 108).

However, "[a]n exception to this [final decision] rule exists for 'any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or seek reconsideration of an adverse benefits determination.'" *Dexter*, 731 F.3d at 980 (quoting *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008)). "A 'mere allegation of a due process violation' is not a colorable constitutional claim." *Klemm*, 543 F.3d at 1144 (quoting *Anderson v. Babbitt*, 230 F.3d 1158, 1163 (9th Cir.

2000)). "[T]he claim must be supported by 'facts sufficient to state a violation of substantive or procedural due process.'" *Id.*

In addition to the framework provided by Section 405(g), federal jurisdiction is further limited by Section 405(h), which provides that:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. *No action against the United States, the Commissioner of Social Security, or any other officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this subchapter.*

42 U.S.C. § 405(h) (emphasis added). The Supreme Court broadly interprets the phrase "arising under" to include claims "in 'which both standing and the substantive basis for the presentation' of the claim is the Social Security Act." *Hooker v. United States Dept't of Health and Human Servs.*, 858 F.2d 525, 529, 528-30 (1988) (plaintiffs could not hold the United States liable under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), in action arising from the wrongful termination of disability benefits).

The Court finds that Plaintiff did not obtain a final decision from the Commissioner regarding her Title II and Title XVI claims. *See Johnson*, F.3d 918 at 921 ("A final decision has two elements: (1) presentment of the claim to the Commissioner, and (2) complete exhaustion of administrative remedies."). Thus, to the extent that Plaintiff's complaint challenges an administrative decision by the Commissioner regarding a claim for benefits, the Court finds that Plaintiff failed to exhaust her administrative remedies, and that this Court lacks subject matter jurisdiction.

As for Plaintiff's challenge to the denial of her application for Title II Child Disability Benefits, Plaintiff did not obtain a final decision from the Commissioner within the meaning of Section 405(g) because Plaintiff's request for a hearing was dismissed by the ALJ after Plaintiff failed to appear at the hearing. (ECF No. 25-2, p. 49). Further, Plaintiff did not seek review by the Appeals Council of the ALJ's decision to dismiss Plaintiff's request. (*Id.* at 3). Indeed, Plaintiff's complaint does not allege that she contested the agency determination, nor does she allege that she has exhausted administrative remedies. *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) ("A party invoking the federal court's jurisdiction has the burden of proving the actual

existence of subject matter jurisdiction."). Thus, Plaintiff failed to exhaust her administrative remedies regarding her Title II claim. *See Hoye v. Sullivan*, 985 F.2d 990, 991 (9th Cir. 1992) ("[Plaintiff] was notified of the hearing, but he refused to attend. . .[b]y refusing to attend the hearing, [Plaintiff] waived his opportunity for a hearing and he failed to exhaust the administrative remedy upon which judicial review depends.").

As for Plaintiff's challenge to the reduction of her Title XVI Supplemental Security Income benefits, Plaintiff did not obtain a final decision from the Commissioner within the meaning of Section 405(g) because Plaintiff has not yet requested a hearing before an ALJ or otherwise sought review from the Appeals Council. (ECF No. 25-1, p. 2-3). Thus, Plaintiff has failed to exhaust her administrative remedies regarding her Title XVI claim.

Moreover, Plaintiff fails to allege a colorable constitutional claim for violation of due process in connection to her benefits claims that would waive her failure to exhaust. Plaintiff's complaint only provides "mere allegations" that the SSA reduced Plaintiff's benefits without providing Plaintiff an opportunity to be heard at a hearing or to lodge objections. While Plaintiff alleges that she requested an "in-person hearing," Plaintiff does not allege that this request was arbitrarily denied. In fact, the documents provided by the Commissioner, which are subject to judicial notice by this court, indicate that Plaintiff requested a hearing regarding her Title II claim on February 19, 2014, and that the request was dismissed after Plaintiff failed to attend. (*See* ECF No. 25-2, p. 14, 49). As for Plaintiff's Title XVI claim, the evidence indicates that Plaintiff has not requested a hearing despite the agency's efforts to contact Plaintiff. (*See* ECF No. 25-1, p. 2-3).

Therefore, to the extent Plaintiff's claims challenge the Commissioner's administrative decisions regarding Plaintiff's benefits claims, the Court lacks subject matter jurisdiction over this action. *Califano*, 430 U.S. at 108 (Section 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing'").

D.     Plaintiff's Other Claims

To the extent Plaintiff's complaint asserts claims based in tort and violations of federal law against the Commissioner, the Court finds that the Court lacks subject matter jurisdiction because those claims arise under the Social Security Act.

11

Here, Plaintiff's third and sixth causes of action seek to impose tort liability based on the alleged violations of Plaintiff's due process rights. These claims are substantively based on Plaintiff's challenge to an administrative decision regarding her disability benefits. Therefore, the Court lacks subject matter jurisdiction over Plaintiff's tort claims because those claims arise under the Social Security Act. *See* 42 U.S.C. § 405(h) ("No action against the United States, the Commissioner of Social Security, or any other officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this subchapter."); *see also Courtney v. Comm'r of Soc. Security*, 2021 WL 1105162, at *7 (E.D. Cal. Mar. 23, 2021) ("Congress has waived sovereign immunity over tort claims against the United States for personal injury, death, or property damage. But § 405(h) 'specifically deprives [this court] of subject matter jurisdiction over claims arising under 28 U.S.C. § 1346(b) when they also arise under Title II of the Social Security Act.'") (internal citations omitted) (quoting *Geschke v. Soc. Security Admin.*, 2007 WL 1140281, at *11 (W.D. Wash. Apr. 17, 2007)).

Plaintiff's fifth cause of action alleges that the SSA discriminated against Plaintiff by reducing her benefits and depriving her of the right to enter the SSA office in violation of the Civil Rights Act. These claims also arise under the Social Security Act because they are substantively based on Plaintiff's challenge to an administrative decision regarding her claim for benefits. Therefore, the Court lacks jurisdiction over Plaintiff's federal question claims because those claims also arise under the Social Security Act.

Thus, because the Court finds that it lacks jurisdiction to address Plaintiff's claims, the Court will recommend that the Commissioner's motion to dismiss be granted, and that Plaintiff's claims against the Commissioner related to Plaintiff's Title II and Title XVI disability benefits be dismissed without prejudice as to Plaintiff fully exhausting her administrative remedies. Further, to the extent Plaintiff's complaint asserts claims based in tort and violations of federal law against the Commissioner, the Court recommends that those claims be dismissed for lack of subject matter jurisdiction.

## V.    SCREENING

Pursuant to the Court's prior order, the Court will now screen Plaintiff's complaint to the extent that it asserts claims against the SSA and the United States.

As Plaintiff is proceeding *in forma pauperis*, the Court may screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Court must dismiss a complaint or portion thereof if the detainee has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

As explained above, the SSA and the United States are not the proper defendants in an action challenging an administrative decision by the Commissioner of Social Security because the SSA and the United States are subject to sovereign immunity. *See* 20 C.F.R. § 422.210(d); *see also Henderson v. Colvin*, No. 6:14-CV-1053-PA, 2015 WL 6598713, at *1 (D. Or. Oct. 29, 2015) (citing *Matthews v. Eldridge*, 424 U.S. 319, 327 (1976)) ("Sovereign immunity protects the United States and its agencies from suit unless there is a waiver [and] [t]he United States has waived sovereign immunity as to the Commissioner's final decisions denying Social Security benefits, allowing private parties to bring actions for judicial review under 42 U.S.C. § 405(g) and 405(h) of the Social Security Act."). Therefore, to the extent that Plaintiff's complaint asserts claims against the SSA and the United States that may only be asserted against the Commissioner, the Court recommends that those claims be dismissed for lack of subject matter jurisdiction. *See Mills v. United States*, 742 F.3d 400, 404 (9th Cir. 2014) ("Suits against the federal government are barred for lack of subject matter jurisdiction unless the government expressly and unequivocally waives its sovereign immunity.").

To the extent Plaintiff asserts claims against the SSA and the United States for violations of state tort law or federal law, the Court finds, for the reasons explained above, that it lacks subject matter jurisdiction over those claims because they arise under the Social Security Act. *See* 42 U.S.C. § 405(h) ("No action against the United States, the Commissioner of Social Security, or any other officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this subchapter."). Therefore, the Court recommends that Plaintiff's claims regarding violations of state tort law or federal law against the SSA and the United States be dismissed.

13

1  **VI.      CONCLUSION AND RECOMMENDATIONS**

2          The Court recommends that the Commissioner's motion to dismiss be granted, and that

3  Plaintiff's claims against the Commissioner be dismissed without prejudice as to Plaintiff fully

4  exhausting her administrative remedies. However, to the extent Plaintiff's complaint asserts

5  claims based in tort and violations of federal law against the Commissioner, the Court

6  recommends that those claims be dismissed with prejudice and without leave to amend.

7          The Court has also screened Plaintiff's complaint and recommends that Plaintiff's claims

8  against the SSA and the United States be dismissed for lack of subject matter jurisdiction.

9  Further, the Court recommends that Plaintiff's claims against the SSA and the United States be

10  dismissed with prejudice and without leave to amend.

11          Dismissal of a *pro se* complaint without leave to amend is appropriate where any

12  opportunity to amend the complaint would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th

13  Cir. 2000) ("a district court should grant leave to amend even if no request to amend the pleading

14  was made, unless it determines that the pleading could not possibly be cured by the allegation of

15  other facts."). Here, no additional facts could cure the deficiencies in Plaintiff's complaint. As

16  discussed above, some of the claims asserted in Plaintiff's complaint may only be asserted against

17  the Commissioner. Further, to the extent Plaintiff asserts claims for violations of state tort and

18  federal law against the Commissioner, the SSA, and the United States, the Court lacks jurisdiction

19  because those claims arise under the Social Security Act and may not be brought under Section

20  1331 or Section 1346. Dismissal with prejudice and without leave amend is thus appropriate.

21          Based on the foregoing, IT IS HEREBY RECOMMENDED that:

22      1.   The Commissioner's motion to dismiss be granted, and that Plaintiff's claims against the

23          Commissioner related to Plaintiff's Title II and Title XVI disability benefits be dismissed

24          for lack of subject matter jurisdiction, without prejudice as to Plaintiff fully exhausting her

25          administrative remedies. Further, to the extent Plaintiff's complaint asserts claims based in

26          tort and violations of federal law against the Commissioner, the Court recommends that

27          those claims be dismissed for lack of subject matter jurisdiction with prejudice and

28          without leave to amend.

      2.   That Plaintiff's claims against the SSA and the United States related to an administrative

1    decision by the Commissioner regarding Plaintiff's Title II and Title XVI disability

2    benefits be dismissed for lack of subject matter jurisdiction with prejudice and without

3    leave to amend.

4    3.   That Plaintiff's claims against the SSA and the United States related to violations of state

5    tort law or federal law be dismissed for lack of subject matter jurisdiction with prejudice

6    and without leave to amend.

7    These findings and recommendations will be submitted to the United States district judge

8    assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen

9    (14) days after being served with these findings and recommendations, Plaintiff may file written

10   objections with the Court. The document should be captioned "Objections to Magistrate Judge's

11   Findings and Recommendations." Plaintiff is advised that failure to file objections within the

12   specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834,

     838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan,* 923 F.2d 1391, 1394 (9th Cir. 1991)).

13

14   IT IS SO ORDERED.

15

     Dated:   **March 5, 2023**                       /s/ _Erica P. Grosjean_

16                                           UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28