1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11 DECHERI HAFER, | ) Case No.: 1:22-cv-0972 JLT EPG |
| | ) |
| 12 Plaintiff, | ) ORDER ADOPTING IN PART THE FINDINGS |
| | ) AND RECOMMENDATIONS, GRANTING THE |
| 13 v. | ) COMMISSIONER OF SOCIAL SECURITY'S |
| | ) MOTION TO DISMISS, AND DIRECTING THE |
| 14 COMMISSIONER OF SOCIAL SECURITY, | ) CLERK OF COURT TO CLOSE THIS CASE |
| *et al.*, | ) |
| 15 | ) (Docs. 25, 30) |
| | ) |
| 16 Defendants. | ) |
| | ) |
| 17 | ) |

18         DeCheri Hafer proceeds *pro se* and *in forma pauperis* in this action against the Social Security

19 Administration, Commissioner of Social Security, and the United States. This matter was referred to a

20 United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

21         The Commissioner of Social Security filed a motion to dismiss Plaintiff's claims pursuant to

22 Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the grounds that Plaintiff's complaint fails

23 to assert subject matter jurisdiction and fails to state a claim. (Doc. 25.) The magistrate judge found

24 Plaintiff failed to fully exhaust her administrative remedies related to her claims for benefits under

25 Title II and Title XVI of the Social Security Act.  (*Id.* at 14.)  The magistrate judge recommended the

26 Commissioner's motion be granted and Plaintiff's claims against the Commissioner be dismissed for

27 lack of subject matter jurisdiction because Plaintiff failed to exhaust her administrative remedies. (*Id.*)

28 Furthermore, the magistrate judge recommended that Plaintiff's claims against the Commissioner be

1

1   dismissed without prejudice as to Plaintiff fully exhausting her administrative remedies with regards to

2   her Title II and Title XVI disability benefits. (*Id.*) To the extent Plaintiff asserts tort and violations of

3   federal law against the Commissioner, the magistrate judge also recommended such claims be

4   dismissed with prejudice, for lack of subject matter jurisdiction, and without leave to amend. (*Id.*)

5          The magistrate judge also screened the remainder of Plaintiff's claims against the Social

6   Security Administration and the United States and found that Plaintiff's complaint failed to state a

7   cognizable claim against the Social Security Administration and the United States. (Doc. 30 at 2.)

8   Further, the magistrate judge recommended that Plaintiff's claims against the Social Security

9   Administration and the United States be dismissed with prejudice and without leave to amend due to

10  lack of subject matter jurisdiction. (*Id.* at 14.)

11         The Findings and Recommendations were served upon Plaintiff at the address on record. It

12  notified him that any objections were to be filed within 14 days. (Doc. 25 at 15.)  However, the

13  Findings and Recommendations—like all other mail from the Court since December 27, 2022—was

14  returned as undeliverable.[1]  No objections have been filed.

15         Pursuant to 28 U.S.C. § 636 (b)(1)(C), this Court conducted a *de novo* review of the case.

16  Having carefully reviewed the entire matter, the Court concludes the Findings and Recommendations

17  are supported by the record and by proper analysis concerning the Plaintiff's claims and the lack of

18  subject matter jurisdiction.  However, where the Court lacks subject matter jurisdiction, dismissal shall

19  be made *without* prejudice.  *See Dichter-Mad Family Partners, LLP v. United States*, 709 F.3d 749, 791

20  (9th Cir. 2013) ("dismissal for lack of subject matter jurisdiction is ordinarily without prejudice");

21  *Hampton v. Pac. Inv. Mgmt. Co*., 869 F.3d 844, 846 (9th Cir. 2017) ("[d]ismissals for lack of subject-

22  matter jurisdiction … must be without prejudice, because a lack of jurisdiction deprives the dismissing

23  court of any power to adjudicate the merits of the case").  Accordingly, the claims against the Social

24

25  [1] Pursuant to Local Rule 183(b), all parties appearing *in propria persona* shall keep the Court apprised of their current
    address. When, here, mail is returned to the Court by the U.S. Postal Service and the plaintiff fails to notify the Court of an
26  address change within 63 days of the return, "the Court may dismiss the action without prejudice for failure to prosecute."
    LR 183(b).  Thus, the Court finds dismissal without prejudice is also appropriate due to Plaintiff's failure to comply with
27  the Local Rules.  *See , Ghazali v. Moran,* 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for failure to comply with local
    rule); *Carey v. King,* 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro
28  se plaintiffs to keep court apprised of address).

Security Administration and the United States will be dismissed without prejudice for lack of subject matter jurisdiction, rather than the recommended dismissal with prejudice. *See Dichter-Mad Family Partners*, 709 F.3d at 791; *Hampton*, 869 F.3d at 846. Based upon the foregoing, the Court **ORDERS**:

1.      The Findings and Recommendations dated March 6, 2023 (Doc. 30) are **ADOPTED IN PART**.

2.      The Commissioner of Social Security's motion to dismiss (Doc. 25) is **GRANTED** as follows:

    a.      Plaintiff's claims against the Commissioner related to Plaintiff's Title II and Title XVI disability benefits are **DISMISSED WITHOUT PREJUDICE** as to Plaintiff fully exhausting her administrative remedies.

    b.      To the extent Plaintiff's asserts claims based in tort and violations of federal law against the Commissioner, these claims are **DISMISSED WITHOUT PREJUDICE** due to lack of subject matter jurisdiction.

3.      Plaintiff's claims against the Social Security Administration and the United States are **DISMISSED WITHOUT PREJUDICE** due to lack of subject matter jurisdiction.

4.      The Clerk of Court is directed to close this action.

IT IS SO ORDERED.

Dated:   **April 6, 2023**

UNITED STATES DISTRICT JUDGE