# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECHERI HAFER,<br><br>                Plaintiff,<br><br>       v.<br><br>SOCIAL SECURITY ADMINISTRATION, et al.,<br><br>                Defendants. | Case No. 1:22-cv-0972 JLT EPG<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF UNDER RULE 60(B)(4) AND TERMINATING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AS MOOT<br><br>(Docs. 33, 34) |

DeCheri Hafer proceeded *pro se* in this action, in which she stated several claims related to the denial of Social Security benefits. The Court found it lacked jurisdiction over the claims and entered judgment on April 6, 2023. (Docs. 31, 32.) Plaintiff now seeks relief—including a reopening the action—under Rule 60(b) of the Federal Rules of Civil Procedure. (Doc. 33.) For the reasons set forth below, Plaintiff's motion for relief under Rule 60 is **DENIED**.

**I.      Procedural Background**

Plaintiff initiated this action in the Central District by filing a complaint against the United States and the Social Security Administration on February 6, 2023. (Doc. 1.) On the face of the complaint, Plaintiff indicated: "I Plaintiff, Decline, to, All, Magistrate Judges." (*Id.* at 1.) The Central District transferred the matter to this Court on August 1, 2022. (Doc. 5.)

On August 19, 2022, this Court provided electronic service upon Defendants. (Doc. 12.) On the same date, the Court issued a briefing schedule, directing Defendants to file a copy of the

1

1 administrative record within 90 days, and indicated "[t]he filing of the administrative record shall
2 be deemed an answer to the complaint." (Doc. 11 at 2.)  In doing so, the Court noted: "The
3 summons states a response is due within 60 days of service. See Fed. R. Civ. P 12(a). This order
4 grants the Commissioner an additional 30 days to file its response." (*Id.*, n. 1.)  The Court also
5 ordered: "In those cases where a Fed. R. Civ. P. 12 motion to dismiss is warranted, the defendant
6 shall file a motion to dismiss in lieu of filing the administrative record. The motion to dismiss
7 shall be filed within 90 days of service of the complaint." (*Id.* at 3.)  Finally, the Court indicated
8 that "[e]ach party is entitled to a single extension of time of up to thirty (30) days, with no
9 requirement for consent of the opposing party or Court order." (*Id.*)  Defendants moved for an
10 extension of time to respond to the complaint, which the magistrate judge granted on November
11 8, 2022. (Docs. 14, 15.)

12 Plaintiff moved for the entry of default against the Government and the Social Security
13 Administration. (Docs. 20, 22.)  On December 1, 2022, the magistrate judge issued Findings and
14 Recommendations, recommending the Court deny the motions. (Doc. 24.)  Plaintiff filed
15 objections—arguing in part that the magistrate judge lacked jurisdiction to grant an extension of
16 time for Defendants to respond to the complaint (Doc. 26)—which the Court considered as part
17 of its *de novo* review of the matter. (Doc. 28 at 2.)  The Court rejected Plaintiff's objections as
18 "without merit" and found the Findings and Recommendations were supported by the record and
19 proper analysis. (*Id.*)  Therefore, the Court denied Plaintiff's request for entry of default on
20 January 9, 2023. (*Id.*)

21 While Plaintiff's motions for default judgment were pending before the Court, Defendants
22 filed a motion to dismiss for lack of jurisdiction. (Doc. 25.)  On January 9, 2023, Plaintiff filed a
23 "Notice of Objection, with a List of Objections with Memorandum of Points and Authorities
24 Pursuant [to] Rule 12, Federal Rule Civil Procedure." (Doc. 29.)  Plaintiff argued, in part, that
25 the motion to dismiss was untimely. (*Id.* at 9.)  However, the magistrate judge rejected the
26 argument because Defendants received an extension of time to respond to the complaint no later
27 than December 19, 2022, and filed the motion on December 12, 2022. (Doc. 30 at 8.)  Thus, the
28 magistrate judge found the motion was timely. (*Id.*)

The magistrate judge found that evidence presented established that "Plaintiff did not obtain a final decision from the Commissioner regarding her Title II and Title XVI claims." (Doc. 30 at 10; *see also id.* at 11.) Similarly, the magistrate judge found that "Plaintiff did not obtain a final decision from the commissioner within the meaning of Section 405(g)" related to her application for Title II Child Disability Benefits, "because Plaintiff's request for a hearing was dismissed by the ALJ after Plaintiff failed to appear at the hearing." (*Id.* at 10.) Plaintiff also did not seek review by the Appeals Council related to this application. (*Id.*) Consequently, the magistrate judge found the Court lacked subject matter jurisdiction over the claims related to her applications for benefits and the administrative decisions. (*Id*. at 11.) The magistrate judge also found, "To the extent Plaintiff asserts claims against the SSA and the United States for violations of state tort law or federal law, … [the Court] lacks subject matter jurisdiction over those claims because they arise under the Social Security Act." (*Id.* at 13.) Thus, the magistrate judge recommended the Court dismiss the action "with prejudice and without leave to amend" on March 6, 2023. (*Id.* at 14.)

The Findings and Recommendations were served upon Plaintiff at the address on record. The Court notified her that any objections were to be filed within 14 days. (Doc. 25 at 15.) However, the Findings and Recommendations—like all other mail from the Court since December 27, 2022—was returned as undeliverable. Plaintiff did not file objections.

On April 6, 2023, the Court performed a *de novo* review of the case. The Court found the findings concerning Plaintiff's claims and the lack of subject matter jurisdiction were supported by the record and proper analysis. (Doc. 31 at 1-2.) However, the Court found that dismissal should be *without* prejudice, given the lack of jurisdiction. (*Id.* at 2, citing *Dichter-Mad Family Partners, LLP v. United States*, 709 F.3d 749, 791 (9th Cir. 2013); *Hampton v. Pac. Inv. Mgmt. Co.*, 869 F.3d 844, 846 (9th Cir. 2017).) Therefore, the Court adopted the Findings and Recommendations in part and dismissed the claims without prejudice. (*Id.* at 3.) The Clerk of Court closed the action and entered judgment on the same date. (Doc. 32.)

On July 10, 2025, Plaintiff filed the pending motion, requesting the Court set aside the rulings issued by the magistrate judge, including those orders issued on November 11, 2022

(granting the extension of time); December 1, 2022 (addressing the motion for default); and March 6, 2023 (addressing the motion to dismiss).  Plaintiff contends the Court should reopen the matter and enter default judgment against the defendants.  (Doc. 33.)

**II.    Relief under Rule 60(b)**

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding."  *Id*.  Rule 60(b) indicates such relief may be granted "for the following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)).  "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co*., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks, citations omitted).  The moving party "must demonstrate both injury and circumstances beyond his control ...."  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotation marks, citation omitted).

4

## III. Discussion and Analysis

Plaintiff contends relief under Rule 60(b)(4) is necessary for four primary reasons. (*See generally* Doc. 33.) Plaintiff argues: (1) the magistrate judge lacked any jurisdiction to take action on this case because Plaintiff did not consent to the jurisdiction of a magistrate judge; (2) the Court exhibited racial bias towards her as an "African-American Black Pro-Per Plaintiff" and showed favor to the "white skinned defendants"; (3) the Court erred in granting an extension of time to Defendants to respond to the complaint, (4) the Court denied Plaintiff "the right to come to court and be at the trail (sic) and make an objection in court," and all proceedings "were held, closed to the public, and the plaintiff, without a record of the trail (sic) for the public to access, or a transcript of the hearing." (*See, e.g.,* Doc. 33 at 3-4, 6, 9-10, 13, 17, 19-21, 29-30, 33, 37-38, 47-48, 52, 55, 57-58, 69, 72, 77.)

### A. Jurisdiction of the magistrate judge

As an initial matter, Plaintiff's consent was not required for the magistrate judge to take certain actions in this case. A magistrate judge is vested with the authority "to hear and determine any pretrial matter pending before the court" except motions "for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." 28 U.S.C. 636(b)(1). Even with excepted and dispositive matters, a magistrate judge may "submit to a judge of the court proposed findings of fact and recommendations" to the district judge without the parties' consent. 28 U.S.C. 636(b)(1)(B).

The magistrate judge did not issue any dispositional order, or act beyond the scope of her authority under Section 636(b)(1). Granting an extension of time to file a responsive pleading is a pretrial matter, and within the Court's inherent power. *See U.S. v. W.R. Grace,* 526 F.3d 499, 508-509 (9th Cir. 2008) ("[T]he district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management [orders]…") In addition, the magistrate judge did not act beyond the scope of her authority by issuing findings

1 and recommendations regarding Plaintiff's motion for default judgment and Defendants' motion
2 to dismiss.  *See* 28 U.S.C. 636(b)(1)(B); *see also Gallegos v. Cal. Dep't of Corr. & Rehab.*, 2023
3 WL 3168360, at *1 (E.D. Cal. Apr. 28, 2023) ("plaintiff's purported 'declination' to magistrate
4 judge jurisdiction has no impact on the assigned magistrate judge's authority to issue findings and
5 recommendations ...."). Plaintiff's arguments related to the authority of the magistrate judge to
6 issue rulings in this action are unavailing.

        **B.**       **Plaintiff's assertions of bias**

8 Plaintiff repeatedly refers to her race, asserting the Court exhibited bias towards her as a
9 black, African American plaintiff.  (*See, e.g.*, Doc. 33 at 3-4, 9-10, 17, 21, 31, 33, 47-48, 52, 69.)
10 Similarly, Plaintiff suggests the Court exhibited bias due to her status as a "poor" and "pro se"
11 litigant.  (*See, e.g., id.* at 33, 77, 78.)

12 To the extent Plaintiff asserts she has suffered bias, she appears to base this assertion on
13 solely upon her disagreements with the Court's rulings.  However, a showing of bias requires an
14 extra-judicial source for bias, and the Court's "conduct or rulings made during the course of the
15 proceeding" alone will not support a determination of bias.  *Toth v. Trans World Airlines, Inc.*,
16 862 F.2d 1381 (9th Cir. 1988); *see also Liteky v. United States*, 510 U.S. 540, 553 (1994)
17 ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion,"
18 because "they cannot possibly show reliance upon an extrajudicial source").  Because Plaintiff has
19 expressed only disagreement with the Court's rulings in this proceeding and nothing more, she
20 fails to show bias.

        **C.**       **Taking matters under submission**

22 Plaintiff argues that the Court held a trial that was closed to the public, without notice to
23 Plaintiff, and deprived her of any record or transcript.  (Doc. 33 at 2-4, 7, 12-13, 19-21, 55, 57,
24 64, 79.)  She contends this resulted in her not being denied due process and the ability to make
25 objections.  (*Id.* at 21-22.)

26 Plaintiff's assertions are plainly contradicted by the record.  The Court did not hold any
27 trial in this action.  To the extent the Court conducted any dispositive proceedings, the Court has
28 the authority to take motions under submission without oral argument.  *See* Local Rule 230(g);

*see also Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) ("It is well established that district courts have inherent power to control their dockets…"). Doing so did not deprive Plaintiff of due process. *Sovereign Gen. Ins. Servs., Inc. v. Nat'l Casualty Co.*, 359 F. App'x 705, 707 (9th Cir. 2009) ("it is well settled that there is no constitutional due process right to oral argument"). Plaintiff received notice of the motion to dismiss and an opportunity to respond. Plaintiff also had an opportunity to file objections to the Findings and Recommendations that were issued. Indeed, the record shows Plaintiff filed objections to the Findings and Recommendations regarding default judgment (Doc. 26) and filed an objections/opposition to the motion to dismiss (Doc. 29). Consequently, Plaintiff fails to show the Court erred by taking matters under submission without oral arguments.

### D.    Relief under Rule 60(b)(4)

Relief under Rule 60(b)(4) is appropriate where a "judgment is void," and motion under this provision must be "made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Plaintiff fails to show the judgment was void. Moreover, Plaintiff does not show the pending motion—filed more than two years after the Court closed the action and entered judgment—was filed within a reasonable time. *See Hammer v. Drago*, 940 F.2d 524, 527 (9th Cir. 1991) (holding that a two-year delay in objecting to a judgment was not "within a reasonable time").

## IV.    Conclusion and Order

Based on the foregoing, the Court **ORDERS**:

1. Plaintiff's motion for relief under Rule 60(b)(4) of the Federal Rules of Civil Procedure (Doc. 33) is **DENIED** without prejudice.
2. Plaintiff's motion to proceed *in forma pauperis* (Doc. 34) is terminated as **MOOT**.
3. This action **SHALL** remain closed.

IT IS SO ORDERED.

Dated:    **August 19, 2025**                    */s/ Jennifer L. Thurston*
                                                           UNITED STATES DISTRICT JUDGE