UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECHERI HAFER,<br><br>                     Plaintiff,<br><br>          v.<br><br>UNITED STATES, et al.,<br><br>                     Defendants. | Case No. 1:22-cv-00972-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE DENIED<br><br>(ECF No. 36)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

Plaintiff DeCheri Hafer, proceeding *pro se*, filed a motion for default judgment in this closed case on December 29, 2025. (ECF No. 36).  Plaintiff's motion asks for the Court to grant a default judgment in her favor for $1,001,600,000 against Defendants the United States and Social Security Administration.  Plaintiff claims that Defendants have not filed a response to her complaint.

However, the Court granted the Commissioner of Social Security's motion to dismiss and closed this case on April 6, 2023.  (ECF No. 31 and 33).  Moreover, the Court subsequently denied Plaintiff's motion to reopen the case on August 20, 2025.  (ECF No. 35).

For the reasons set forth below, the Court recommends denying Plaintiff's motion for a default judgment.

///

///

1

## I.      BACKGROUND

Plaintiff initiated this action by filing a complaint on July 22, 2022. (ECF No. 1). Plaintiff's complaint asserted various claims against the Commissioner of Social Security, the Social Security Administration, and the United States related to the denial of Plaintiff's social security benefits.

On December 12, 2022, the Commissioner of Social Security filed a motion to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 25).

On March 6, 2023, the undersigned issued findings and recommendations, recommending that the Commissioner's motion to dismiss be granted.  (ECF No. 30).  On April 6, 2023, District Judge adopted the Findings and Recommendations in part, [1] dismissed Plaintiff's claims without prejudice, and directed the Clerk of the Court to close the case. (ECF Nos. 32 and 33).

On July 10, 2025, Plaintiff filed a Motion to Reopen the Case and Enter Default Judgment.  (ECF No. 33).  On August 20, 2025, the District Judge denied Plaintiff's motion and ordered that the case shall remain closed. (ECF Nos. 33 and 35).

On December 29, 2025, Plaintiff filed a Motion for Default Judgment. (ECF No. 36). Plaintiff's motion consists of several forms requesting the Court to grant Plaintiff's motion for default judgment, asserting the Defendants have failed to file a response to Plaintiff's complaint.

## II.      ANALYSIS

Federal Rule of Civil Procedure 55 permits the Court to enter a default judgment following entry of default by the clerk when a party has failed to plead or otherwise defend a case.  Fed. R. Civ. P. 55(b)(2).

Default judgment is not warranted here because there has been no entry of default. Rather, the case was closed on April 6, 2023, and judgment was entered in favor of Defendant. Moreover, the Court previously denied Plaintiff's motion to reopen the case.

As the case has been closed and not re-opened, there has been no failure of Defendant to

---

[1] The District Judge declined to adopt the recommendation that certain claims be dismissed with prejudice, and instead dismissed all claims without prejudice.  (ECF No. 31, at p. 2) ("Accordingly, the claims against the Social Security Administration and the United States will be dismissed without prejudice for lack of subject matter jurisdiction, rather than the recommended dismissal with prejudice.").

2

plead or otherwise defend the case, and Plaintiff is not entitled to default judgment.

### III.    CONCLUSION AND RECOMMENDATIONS

Accordingly, IT IS RECOMMENDED as follows:

1. Plaintiff's motion for default judgment be DENIED. (ECF No. 36).

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **January 10, 2026**              /s/ *Erin P. Grog*
                                              UNITED STATES MAGISTRATE JUDGE